Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 2:19-cv-00884-RAJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY and | ) | |
| ANDREW WHEELER, Administrator, | ) | |
| United States Environmental Protection | ) | |
| Agency, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

EPA's Answer to Plaintiff's
Complaint
Case No.  2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

1

Defendants United States Environmental Protection Agency, et al. (collectively "EPA") respond to the numbered paragraphs of the Complaint of the State of Washington ("Plaintiff") as follows:

1.     The assertions in Paragraph 1 are Plaintiff's description of Plaintiff's own claims and thus no response is required.  The assertions in Paragraph 1 also contain legal conclusions to which no response is required.

2.     The assertions in Paragraph 2 contain legal conclusions to which no response is required.

3.     The assertions in Paragraph 3 contain legal conclusions to which no response is required.  To the extent that a response is required, EPA admits that, on November 15, 2016, it approved certain water quality standards submitted to EPA by the Washington Department of Ecology and disapproved others, and that EPA has promulgated certain water quality standards for application in Washington State.  EPA's promulgation is codified at 40 C.F.R. § 131.45 and it became effective on December 28, 2016.  EPA denies any factual allegations contrary to or otherwise not contained in the same.

4.      The assertions in Paragraph 4 seek to describe or characterize certain EPA documents dated May 10, 2019, which documents are attached to Plaintiff's Complaint as Exhibit H, and which documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, EPA denies such descriptions and characterizations of the referenced documents to the extent that they are contrary to or otherwise not contained in the plain language of those documents.  The second sentence of Paragraph 4 also contains legal conclusions to which no response is required.

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

2

5.      The assertions in the first three sentences of Paragraph 5 and in the first clause of the fourth sentence seek to describe, characterize, or quote the referenced May 7 and May 8, 2019 letters, which documents are attached to Plaintiff's Complaint as Exhibits F and G, and which documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, EPA denies such descriptions and characterizations of the referenced documents to the extent that they are contrary to or otherwise not contained in the plain language of those documents.  To the extent Plaintiff seeks to describe or characterize other unidentified communications in the first three sentences of Paragraph 5 and the first clause of the fourth sentence, those assertions are unduly vague and thus on that basis EPA lacks knowledge and information sufficient to form a belief as to their truth.  The remaining sentences in Paragraph 5 seek to describe or characterize EPA documents dated May 10, 2019, which documents are attached to Plaintiff's Complaint in Exhibit H, and which documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, EPA denies such descriptions and characterizations of the referenced documents to the extent that they are contrary to or otherwise not contained in the plain language of those documents.  The assertions in the last sentence of Paragraph 5 are also legal conclusions to which no response is required.

6.      The assertions in the first two sentences of Paragraph 6 are legal conclusions to which no response is required.  The last sentence of Paragraph 6 characterizes the relief sought by Plaintiff and thus no response is required.

7.      The assertions in Paragraph 7 are legal conclusions to which no response is required.

8.      The first line of Paragraph 8 is a legal conclusion to which no response is required.  EPA admits the remaining allegations in Paragraph 8.

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

9.      The assertions in Paragraph 9 about the roles and authorities of Washington State and its identified officers and agencies are legal conclusions to which no response is required. As to the remaining assertions in Paragraph 9, EPA lacks knowledge and information sufficient to form a belief as to the stated reasons Plaintiff brought this action.

10.     EPA admits that it is an agency of the United States. The remainder of Paragraph 10 contains legal conclusions to which no response is required. The assertions in line 11 of Paragraph 10 seek to characterize or describe the referenced May 10, 2019 documents, which documents are attached to Plaintiff's Complaint in Exhibit H, and which documents speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies such descriptions and characterizations of the referenced documents in line 11 to the extent that they are contrary to or otherwise not contained in the plain language of those documents.

11.     EPA admits that Andrew Wheeler is the current Administrator and therefore chief officer of the EPA. The remainder of the first sentence of Paragraph 11 contains legal conclusions to which no response is required. EPA admits the averments in the second sentence.

12.     The assertions in the first, second, and sixth sentences of Paragraph 12, and the first two clauses of the fourth sentence, contain legal conclusions to which no response is required. EPA lacks knowledge and information sufficient to form a belief as to the truth of the factual averments in the third sentence, the fifth sentence, and the remainder of the fourth sentence. The fifth sentence also contains legal conclusions to which no response is required.

13-18.  Paragraphs 13 through 18 contain legal conclusions to which no response is required.

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

1    19.    The assertions in the first and second sentences of Paragraph 19 seek to describe

2  or characterize a rule published by EPA on December 22, 1992, 57 Fed. Reg. 60,848 ("Water

3  Quality Standards; Establishment of Numeric Criteria for Priority Toxic Pollutants; States'

4  Compliance").  This rule speaks for itself and is the best evidence of its contents.  To the extent a

5  response is required, EPA denies such descriptions and characterizations of the referenced rule to

6  the extent that they are contrary to or otherwise not contained in the plain language of that rule.

7  In response to the third sentence, EPA admits that local survey data evaluated by EPA in 2015

8  indicated that some Washington residents eat more than 6.5 grams of fish per day.  Any

9  additional factual allegations in the third sentence are unduly vague and ambiguous, and on that

10  basis EPA lacks knowledge and information sufficient to form a belief as to the truth of those

11  allegations.  The assertions in the fourth sentence are unduly vague and ambiguous because they

12  fail to identify with adequate specificity who possessed the alleged "general recognition" and

13  when, what is referenced by "fish consuming populations," and what particular toxic pollutants

14  the allegation is referencing, and on that basis EPA lacks knowledge and information sufficient

15  to form a belief as to the truth of the assertions.

16    20.    In response to the first sentence of Paragraph 20, EPA admits that it has sent the

17  Washington Department of Ecology certain letters after December 2010.  Those letters speak for

18  themselves and are the best evidence of their contents, and EPA denies any description or

19  characterization of those letters that are contrary to or otherwise not contained in the plain

20  language of such letters.  To the extent a further response is required, the assertions in the first

21  sentence are unduly vague and ambiguous, failing to identify with adequate specificity the

22  particular letters referenced in that sentence, and on that basis EPA lacks knowledge and

23  information sufficient to form a belief as to the truth of the same.  In response to the second

24

EPA's Answer to Plaintiff's                         David J. Kaplan
Complaint                                           U.S. Department of Justice
Case No. 2:19-cv-00884-RAJ                          P.O. Box 7611; Washington, D.C.

sentence, EPA lacks knowledge and information sufficient to form a belief as to when

Washington began work on the referenced rulemaking process.  The third and fourth sentences

refer to certain unspecified complaints and a judicial decision, which documents speak for

themselves and are the best evidence of their contents.  EPA denies any description or

characterization of those complaints and judicial decision that are contrary to or otherwise not

contained in the plain language of those documents.  To the extent that a further response is

required, the fourth and fifth sentences are unduly vague, failing to identify with adequate

specificity the alleged lawsuit or the particular pleadings or judicial decision to which those

sentences refer, and on that basis, EPA lacks knowledge and information sufficient to form a

belief as to the truth of the same.

21.    The first sentence of Paragraph 21 is unduly vague and thus on that basis EPA

lacks knowledge and information sufficient to form a belief as to the truth of the same.  EPA

lacks knowledge and information sufficient to form a belief as to the truth of the allegations in

the second and third sentences.

22.    Paragraph 22 seeks to describe or characterize an EPA document published at 80

Fed. Reg. 55,063 (Sep. 14, 2015).  That document speaks for itself and is the best evidence of its

contents.  To the extent a response is required, EPA denies such descriptions and

characterizations of the referenced document to the extent that they are contrary to or otherwise

not contained in the plain language of that document.

23.    The first four sentences of Paragraph 23 seek to describe or characterize a

document published at 81 Fed. Reg. 85,417 (Nov. 28, 2016), which document speaks for itself

and is the best evidence of its contents.  To the extent a response is required, EPA denies such

descriptions and characterizations of the referenced document to the extent that they are contrary

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

6

1   to or otherwise not contained in the plain language of that document.  In response to the fifth

2   sentence, EPA admits that no party filed a lawsuit challenging the referenced human health

3   criteria. The remaining allegations in Sentence 5 are unduly vague and thus on that basis EPA

4   lacks knowledge and information sufficient to form a belief as to the truth of the same.

5        24.    Paragraph 24 seeks to describe or characterize a document attached to Plaintiff's

6   complaint as Exhibit A, which document speaks for itself and is the best evidence of its contents.

7   To the extent a response is required, EPA denies such descriptions and characterizations of the

8   referenced document to the extent that they are contrary to or otherwise not contained in the

9   plain language of that document.

10       25.    The assertion referring to "no action" in in the first sentence of Paragraph 25 is

11  unduly vague and thus on that basis EPA lacks knowledge and information sufficient to form a

12  belief as to the truth of the same.  The remainder of Paragraph 25 seeks to describe or

13  characterize a document attached to Plaintiff's Complaint as Exhibit B, which document speaks

14  for itself and is the best evidence of its contents.  To the extent a response is required, EPA

15  denies such descriptions and characterizations of the referenced document to the extent that they

16  are contrary to or otherwise not contained in the plain language of that document.

17       26.    Paragraph 26 seeks to describe or characterize a document attached to Plaintiff's

18  complaint as Exhibit C, which document speaks for itself and is the best evidence of its contents.

19  To the extent a response is required, EPA denies such descriptions and characterizations of the

20  referenced document to the extent that they are contrary to or otherwise not contained in the

21  plain language of that document.

22       27.    The allegations in the first sentence of Paragraph 27 are denied.  The remaining

23  sentences in Paragraph 27 seek to describe or characterize a document attached to Plaintiff's

24

EPA's Answer to Plaintiff's                          David J. Kaplan
Complaint                                            U.S. Department of Justice
Case No. 2:19-cv-00884-RAJ                           P.O. Box 7611; Washington, D.C.

1    complaint as Exhibit D, which document speaks for itself and is the best evidence of its contents.

2    To the extent a response is required, EPA denies such descriptions and characterizations of the

3    referenced document to the extent that they are contrary to or otherwise not contained in the

4    plain language of that document.

5         28.    The first and third sentences of Paragraph 28 seek to describe or characterize a

6    document attached to Plaintiff's Complaint as Exhibit E, which document speaks for itself and is

7    the best evidence of its contents.  To the extent a response is required, EPA denies such

8    descriptions and characterizations of the referenced document to the extent that they are contrary

9    to or otherwise not contained in the plain language of that document.  The second sentence seeks

10   to describe or characterize an EPA document included in the online public docket entitled

11   "Revision of Certain Federal Water Quality Criteria Application to Washington," docket

12   identification number EPA-HQ-OW-2015-0174-0441, available at regulations.gov.  That

13   document speaks for itself and is the best evidence of its contents.  To the extent a response is

14   required, EPA denies such descriptions and characterizations of the referenced document to the

15   extent that they are contrary to or otherwise not contained in the plain language of that

16   document.

17        29.    EPA lacks knowledge and information sufficient to form a belief as to the truth of

18   the allegation in the first clause of the first sentence of Paragraph 29.  The rest of Paragraph 29

19   seeks to describe or characterize documents attached to Plaintiff's Complaint as Exhibits F and

20   G, which documents speak for themselves and are the best evidence of their contents.  To the

21   extent a response is required, EPA denies such descriptions and characterizations of the

22   referenced documents to the extent that they are contrary to or otherwise not contained in the

23   plain language of those documents.

24

EPA's Answer to Plaintiff's                                    David J. Kaplan
Complaint                                                     U.S. Department of Justice
Case No. 2:19-cv-00884-RAJ                                    P.O. Box 7611; Washington, D.C.

8

30.   The allegations in the first and second sentences of Paragraph 30 are denied.  The remainder of Paragraph 30 seeks to describe or characterize documents attached to Plaintiff's complaint as Exhibit H, which documents speak for themselves and are the best evidence of their contents.  To the extent a response is required, EPA denies such descriptions and characterizations of the referenced documents to the extent that they are contrary to or otherwise not contained in the plain language of those documents.

31.   The first two sentences of Paragraph 31 seek to describe or characterize a document attached to Plaintiff's Complaint as Exhibit H, which document speaks for itself and is the best evidence of its contents.  To the extent a further response is required, EPA denies such descriptions and characterizations of the referenced document to the extent that they are contrary to or otherwise not contained in the plain language of that document.  The third sentence contains legal conclusions to which no response is required.  EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence.

32.   EPA responds to Paragraph 32 by incorporating by reference its responses to Paragraphs 1-31 above.

33.   The first three sentences of Paragraph 33 contain legal conclusions to which no response is required.  The allegations in the fourth sentence are denied.  The fifth sentence seeks to describe or characterize a letter dated November 15, 2016, to Maia Bellon, Director of the Department of Ecology, from Daniel Opalski, Director of the Office of Water and Watersheds, EPA, that sets out the referenced EPA action, which document speaks for itself and is the best evidence of its contents.  To the extent a response is required, EPA denies such descriptions and characterizations of the referenced document to the extent that they are contrary to or otherwise not contained in the plain language of that document.  The first clause of the sixth sentence is a

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

9

legal conclusion to which no response is required.  The rest of the sixth sentence seeks to

describe or characterize a Federal Register notice at 81 Fed. Reg. 85,417 (Nov. 28, 2016) that

sets out the referenced EPA action, which document speaks for itself and is the best evidence of

its contents.  To the extent a response is required, EPA denies such descriptions and

characterizations of the referenced document to the extent that they are contrary to or otherwise

not contained in the plain language of that document.  In response to the allegation in the seventh

sentence that "The human health criteria adopted by EPA in December 2016 are part of

Washington's existing water quality standards," EPA avers that the human health criteria

promulgated by EPA in 81 Fed. Reg. 85,417 for waters in Washington State are the applicable

water quality standards for Clean Water Act purposes for those waters in Washington State, and

denies any further allegations in the allegation inconsistent with this averment.  The rest of the

seventh sentence contains legal conclusions to which no response is required.  Portions of

Sentence 8 that seek to describe or characterize the referenced May 10, 2019 document in

Exhibit H to Plaintiff's Complaint require no response because that document speaks for itself

and is the best evidence of its contents.  To the extent a response is required, EPA denies such

descriptions and characterizations of the referenced document to the extent that they are contrary

to or otherwise not contained in the plain language of that document.  The rest of the eighth

sentence contains legal conclusions to which no response is required.  Plaintiff's allegations of

unspecified harm in the ninth sentence are unduly vague and on that basis EPA lacks knowledge

and information sufficient to form a belief as to the truth of the same.  The rest of the ninth

sentence contains legal conclusions to which no response is required.

     34.    The first two sentence of Paragraph 34 contain legal conclusions to which no

response is required.  Portions of the third sentence that seek to describe or characterize the

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

10

referenced May 10, 2019 document in Exhibit H to Plaintiff's Complaint require no response because that document speaks for itself and is the best evidence of its contents. To the extent a response is required, EPA denies such descriptions and characterizations of the referenced document to the extent that they are contrary to or otherwise not contained in the plain language of that document. The rest of the third sentence contains legal conclusions to which no response is required. In response to the fourth sentence, EPA avers that certain human health criteria adopted by Washington and submitted to EPA are less stringent than certain human health criteria that EPA promulgated for waters in Washington State, and EPA denies any allegations in the fourth sentence inconsistent with this averment. The final clause of the fourth sentence contains legal conclusions to which no response is required. Plaintiff's allegations of unspecified harm in the fifth sentence are unduly vague and on that basis EPA lacks knowledge and information sufficient to form a belief as to the truth of the same. The allegations in the fifth sentence that seek to describe or characterize EPA actions in documents dated May 10, 2019, attached as Exhibit H to Plaintiff's Complaint, require no response because those documents speak for themselves and are the best evidence of their contents. To the extent a response is required, EPA denies such descriptions and characterizations of the referenced documents to the extent that they are contrary to or otherwise not contained in the plain language of those documents. The rest of the fifth sentence contains legal conclusions to which no response is required.

35. Paragraph 35 contains legal conclusions to which no response is required.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent Paragraph 36 contains factual allegations to which a response is required, they are denied.

A-D. Paragraphs A-D consist of Plaintiff's requested relief, and thus no response is

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ

David J. Kaplan
U.S. Department of Justice
P.O. Box 7611; Washington, D.C.

11

1 | required.

2 | **GENERAL DENIAL**

3 |     EPA denies any allegations of the Complaint, whether express or implied, that are not

4 | specifically admitted, denied, or qualified herein.

5 | **AFFIRMATIVE AND OTHER DEFENSES**

6 |     The Complaint fails to state a claim on which relief can be granted.

7 |

8 | Respectfully submitted this 12th day of August, 2019.

9 |

10 |     /s/ David Kaplan
    DAVID J. KAPLAN

11 |     United States Department of Justice
    Environmental Defense Section

12 |     P.O. Box 7611
    Washington, DC 20044

13 |     (202) 514-0997
    David.kaplan@usdoj.gov

14 |

15 |     BRIAN T. MORAN
    United States Attorney

16 |     BRIAN KIPNIS

17 |     Assistant United States Attorney
    700 Stewart Street, Suite 5220
    Seattle, WA 98101-1271

18 |

19 |

20 |

21 |

22 |

23 |

24 |

EPA's Answer to Plaintiff's
Complaint
Case No. 2:19-cv-00884-RAJ
    David J. Kaplan
    U.S. Department of Justice
    P.O. Box 7611; Washington, D.C.

12

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on this 12th day of August, 2019, I filed the foregoing pleading with

3  the Clerk of the Court using the CM/ECF system which will cause a copy to be served upon
   counsel of record.

4

5                          /s/ David J. Kaplan

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

EPA's Answer to Plaintiff's                              David J. Kaplan
Complaint                                                U.S. Department of Justice
Case No. 2:19-cv-00884-RAJ                               P.O. Box 7611; Washington, D.C.