The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　Plaintiff,<br><br>SAUK-SUIATTLE INDIAN TRIBE and QUINAULT INDIAN NATION<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and ANDREW WHEELER, Administrator, United States Environmental Protection Agency,<br><br>　　Defendants,<br><br>NORTHWEST PULP & PAPER ASSOCIATION, AMERICAN FOREST & PAPER ASSOCIATION, WESTERN WOOD PRESERVERS INSTITUTE, TREATED WOOD COUNCIL, and WASHINGTON FARM BUREAU,<br><br>Applicant Intervenor-Defendants. | Civil Action No. 2:19-cv-00884-RAJ<br><br>**ORDER GRANTING MOTION TO INTERVENE AS DEFENDANTS** |

ORDER - 1

This matter is before the Court on the Northwest Pulp and Paper Association, American Forest & Paper Association, Western Wood Preservers Institute, Treated Wood Council, and the Washington Farm Bureau's (collectively "Associations") motion to intervene as defendants. Dkt. # 17. Plaintiff, the State of Washington ("Washington" or "Plaintiff") opposes the motion. Dkt. # 20. Defendants the United States Environmental Protection Agency ("EPA") and Andrew Wheeler the Administrator of the EPA (collectively, "Defendants"), have not responded to the motion. The Associations represent Defendants take no position on the motion. Dkt. # 17 at 2. For the following reasons, the Court **GRANTS** the motion.

## I.   BACKGROUND

The Clean Water Act ("CWA") assigns states the primary authority to enact water quality standards that comply with the CWA. *See* 33 U.S.C. § 1313. Once adopted by the state, EPA reviews the standards to ensure they comply with the CWA and approve or disapprove the standards. 33 U.S.C. § 1313(c)(2)(A). If a state submits new or revised criteria to EPA that do not meet CWA requirements, EPA may publish new proposed regulations within 90 days of the state submitting the unsatisfactory regulations. 33 U.S.C. § 1313(c)(4)(A). EPA can also revise a state's existing water quality standards if it determines "that a revised or new standard is necessary to meet the requirements of" the CWA (necessity determination). 33 U.S.C. § 1313(c)(4)(B).

At issue in this case is Washington's water quality standards. In 2016 (in response to an EPA necessity determination), Washington submitted human health water quality criteria to EPA for review. On November 2016, EPA partially approved and disapproved Washington's proposed criteria. *See* 81 Fed. Reg. 85417 (Nov. 28, 2016). EPA also proposed a rule establishing human health criteria to replace the disapproved criteria. The final criteria (a hybrid of Washington and EPA's proposals) was implemented on December 28, 2016. *Id*; 33 U.S.C. § 1313(c)(3)-(4). Washington did not appeal and

subsequently began efforts to implement the criteria. Dkt. # 1 at ¶ 23.

On February 21, 2017, the Associations submitted a petition to EPA, asking the agency to reconsider its decision to disapprove portions of the criteria submitted by Washington in 2016. Dkt. # 1, Ex. A. On May 10, 2019, EPA informed Washington that it had decided to revise the 2016 criteria and replace it with the criteria EPA had previously disapproved. Dkt. #1-8, Ex. H. EPA based its decision to revise the criteria on its "inherent authority." Dkt. # 1-8, Ex. H.

On June 6, 2019, Plaintiff sued EPA challenging its decision to revise the human health criteria in Washington's water quality standards. Dkt. # 1. Plaintiff alleges that EPA improperly relied on its "inherent authority" to revise Washington's water quality standards, without complying with the procedures proscribed in the CWA. *Id.* Plaintiff seeks: (1) a declaration that EPA failed to comply with the CWA in revising the human health criteria; (2) a declaration that EPA does not have inherent authority to revise Washington's human health criteria without complying with the procedures and timelines established in the CWA; and (3) an injunction prohibiting EPA from revising Washington's human health criteria unless Washington submits new or revised criteria to EPA that do not meet the requirements of the CWA or EPA makes a necessity determination. Dkt. #1, at 12–13. The Sauk-Suiattle Indian Tribe and Quinault Indian Nation both moved to intervene as plaintiffs. Dkt. ## 7, 21.[1] The Associations separately move to intervene as defendants. Dkt. # 17.

## II. DISCUSSION

The Associations seeks to intervene as of right under Federal Rule of Civil Procedure 24(a) or in the alternative, permissively under Rule 24(b). Fed. R. Civ. P. 24(b).

---

[1] On March 9, 2019, the Court granted the Sauk-Suiattle Indian Tribe's and Quinault Indian Nation's motions to intervene as plaintiffs in this action. Dkt. # 27.

ORDER - 3

### A. **<u>Intervention of Right</u>**

Intervention of right is governed by Federal Rule of Civil Procedure 24(a). When analyzing a motion to intervene of right, courts apply a four-part test:

    (1) the motion must be timely;

    (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

    (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

    (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). On a motion to intervene, a district court must accept as true the nonconclusory allegations of the motion and proposed answer. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors. *California ex rel. Lockyer v. United States,* 450 F.3d 436, 440–41 (9th Cir. 2006). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Plaintiff does not dispute the Associations' motion is timely. Thus, the Court focuses its analysis on the remaining three factors.

          i. <u>Significant protectable interest</u>

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal citations and quotation marks omitted). To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue. *Id.* Here, the Associations have a significant interest in defending

ORDER - 4

EPA's decision to withdraw the previously approved (and more stringent) federal toxics rule for Washington. First, EPA's decision to reconsider was motivated by the Associations' February 2017 petition. Dkt. # 1 at Ex. A. Second, the Associations' members "own or operate facilities whose discharges" will be held to the water quality standards implicated by EPA's rulemaking. Dkt. # 17 at 7.

### ii. Impairment of Interest

Likewise, disposition of this action may impair the Associations' ability to protect their interest. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ." *Citizens for Balanced Use,* F.3d at 898 (9th Cir. 2011) (internal citations omitted). Because the Associations are subject to the regulations at issue in this case, an adverse decision would likely result in the Associations being subject to more stringent limitations. This factor favors intervention.

### iii. Adequacy of representation

Courts consider three factors when weighing the adequacy of representation: (1) whether the interest of a party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The burden of showing inadequacy of representation is minimal. *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).

"The most important factor in determining adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086. "If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id*. Differences in

ORDER - 5

litigation strategy will not ordinarily warrant intervention. *Id*. There is also a presumption of adequacy "when the government is acting on behalf of a constituency that it represents." *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (quoting *Arakaki*, 324 F.3d at 1086).

Here, EPA and the Associations share the same ultimate objective — to maintain the validity of EPA's 2019 decision to revise Washington's water quality standards and remove the federal toxics rule. Thus, there is a strong presumption that the Associations' interests will be adequately represented. But the inquiry does not end there. The Associations may still prevail if they can make a "compelling showing" that their interests diverge from EPA's interests. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 823–24 (9th Cir. 2001).

The Associations offer several arguments to differentiate their interests from EPA's interests. First, the Associations argue that EPA represents the "interests of the general public" while the Associations represent the "narrower economic and other interests of its members." Dkt. # 17 at 9, Ex. A. Next, they argue that there are arguments that EPA is unable or unwilling to make on their behalf, for example, EPA failed to assert an affirmative defense for lack of standing, which the Associations include in their proposed answer. Dkt. # 17 at 10. Additionally, the Associations are poised to offer "necessary elements of the proceeding," that may not be advanced by EPA, including specific arguments and information regarding the alleged harm and prejudice suffered by Washington as a result of EPA's 2019 decision. Dkt. #1 at 4, 7–9, 11 (¶¶ 12, 23 and 34). Although EPA asserts a lack of sufficient knowledge and information with respect to these allegations, the Associations "vigorously contest" the allegations and represent they have personal knowledge regarding Washington's purported implementation of the human health criteria. Dkt. # 23 at 5 (citing Dkt. #12 at 4, 7, 10 (¶¶ 12, 23 and 24)). Finally, the Associations point to EPA's delay in promulgating the water quality

ORDER - 6

standards and responding to the 2017 petition as further evidence of divergent interests. Dkt. # 17 at 11; Dkt. # 23 at 6.  Although a close call, under the liberal Ninth Circuit standard the Court finds that the Associations have met their burden to show that their interests are not adequately represented.  Accordingly, the Associations are entitled to intervene as of right under Rule 24(a).

### B. Permissive Intervention

Even if the Associations are not entitled to intervention as of right, the Associations should be allowed to permissively intervene under Rule 24(b).  Under Fed. R. Civ. P. 24(b)(1), a court may grant permissive intervention where the applicant for intervention shows: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  *Freedom from Religion Found, Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011).

#### i. Independent grounds for jurisdiction

The jurisdictional requirement stems from concerns that parties may use intervention to inappropriately expand the jurisdiction of federal courts.  This most commonly arises in diversity cases "where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction."  *Freedom,* 644 F.3d at 843.  Jurisdiction is not an issue here because this case is based on a federal question and there is no indication the Associations intend to bring additional state-law claims.  *Id.* at 844 ("The jurisdictional requirement, therefore, prevents the enlargement of federal jurisdiction in such cases only where a proposed intervenor seeks to bring new state-law claims.").

#### ii. Timeliness

The parties agree the Associations' motion is timely.

#### iii. Common Question

The existence of a common question of fact is liberally construed.  *See Kootenai*

ORDER - 7

*Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108–09 (9th Cir. 2002) *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Here, the Associations' interest arises from the same common nucleus of facts. Washington seeks to reverse EPA's 2019 decision withdrawing the federal toxics rule. The Associations (and the EPA) seek to uphold EPA's decision. Therefore, the Court concludes that there are common questions of fact.

Because the Associations meet the requirements for permissive intervention, the Court may allow intervention at its discretion. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court sees no reason why intervention in this action will cause undue delay or prejudice. Therefore, the Associations are entitled to permissive intervention under Rule 24. Fed. R. Civ. P. 24(b)(1)(B).

### III.  CONCLUSION

For the above reasons, the Associations' motion to intervene is **GRANTED**. The Associations shall be made Intervenor-Defendants in this action. The answer attached to the motion to intervene, (Dkt. # 17-1), shall stand as the answer in intervention of the Associations in this action.

DATED this 23rd day of April, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8